TRULINCS 27003081 - LINDSEY, DAVID SHAMONT - Unit: DTH-M-A

⇔27003-081⇔
David Lindsey
Federal Prison Camp
PO BOX 1000
Duluth, MN 55810
United States

26-CV-374 PJS|DLM

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

David Shamont Lindsey, #27003081
Plaintiff, pro se,

v.

E. Helland, Correctional Officer, in his individual capacity;
B. Eishen, Warden, in his official capacity for injunctive and declaratory relief only,
Defendants.

**RECEIVED BY MAIL**
**JAN 16 2026**
CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS (BIVENS)

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, including the First and Fifth Amendments, and under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the District of Minnesota because the events giving rise to this action occurred at Duluth Federal Prison Camp, located in Duluth, Minnesota.

### II. PARTIES

4. Plaintiff David Shamont Lindsey is a federal prisoner, Register No. 27003081, currently incarcerated at Duluth Federal Prison Camp in Duluth, Minnesota.

5. Defendant E. Helland is a correctional officer employed by the Federal Bureau of Prisons ("BOP") at Duluth Federal Prison Camp. He is sued in his individual capacity.

6. Defendant B. Eishen is the Warden of Duluth Federal Prison Camp. He is sued in his official capacity only for prospective declaratory and injunctive relief.

**SCANNED**
**JAN 16 2026**
U.S. DISTRICT COURT DULUTH

### III. FACTUAL ALLEGATIONS

TRULINCS 27003081 - LINDSEY, DAVID SHAMONT - Unit: DTH-M-A

---

7. Plaintiff has engaged in constitutionally protected conduct, including filing grievances and complaints regarding staff conduct and conditions of confinement.

8. Defendant Helland authored three separate 100 series incident reports against Plaintiff.

9. Each of the incident reports authored by Defendant Helland was ultimately dismissed.

10. Despite their dismissal, each incident report resulted in immediate punitive consequences, including placement in administrative detention (SHU), loss of institutional employment, and increased security exposure.

11. As a result of the most recent incident report, Plaintiff was confined in administrative detention (SHU) for approximately 21 to 28 days.

12. Conditions in SHU were substantially more restrictive than those imposed on the general population, including but not limited to: a. Extreme isolation and limited human contact; b. Loss of institutional employment; c. Loss of commissary, programming, and recreation privileges; d. Inability to participate in rehabilitative or sentence reducing programming; e. Heightened psychological stress and anxiety.

13. These conditions constituted an atypical and significant hardship when compared to ordinary incidents of prison life.

14. Prior to his placement in SHU, Plaintiff held an institutional job paying approximately $40 per month.

15. Following the retaliatory discipline, Plaintiff lost that job and was reassigned to a position paying approximately $5 per month, resulting in an ongoing loss of approximately $35 per month.

16. While confined in administrative detention, Plaintiff was unable to earn statutory good time credits or participate in sentence reducing programming, resulting in loss of opportunity to earn such credits.

17. Defendant Helland knew or reasonably should have known that the alleged "unknown paper" underlying one incident report would not be sent for independent laboratory testing and would not support disciplinary sanctions, yet proceeded with the charge.

18. Defendant Helland was not reprimanded or corrected following dismissal of the incident reports and continues to interact with Plaintiff.

19. Plaintiff remains housed at the same institution and faces an ongoing and credible risk of further retaliation by Defendant Helland.

20. Upon information and belief, Defendant Helland has been the subject of multiple PREA related complaints or reports during his employment. Plaintiff does not allege the truth or outcome of any such allegations, but alleges that their existence placed the institution on notice of the need for heightened supervision.

21. Despite this notice, Defendant Helland continued to serve in positions of authority, including as a urine analysis (UA) officer and as a trainee responsible for new staff recruitment, without additional safeguards to prevent abuse of authority or retaliatory

TRULINCS 27003081 - LINDSEY, DAVID SHAMONT - Unit: DTH-M-A

---

conduct.

22. Defendant Eishen, as Warden, has supervisory authority over staff and the ability to implement measures to prevent ongoing retaliation but failed to do so.

---

## IV. CLAIMS FOR RELIEF

### COUNT I

First Amendment Retaliation (Bivens)
(Against Defendant Helland   Individual Capacity)

23. Plaintiff realleges paragraphs 1 22.

24. Filing grievances and complaints is protected conduct under the First Amendment. Haynes v. Stephenson, 588 F.3d 1152, 1155 56 (8th Cir. 2009).

25. Defendant Helland took adverse actions against Plaintiff, including false disciplinary charges, SHU placement, and loss of employment, that would chill a person of ordinary firmness from continuing protected activity. Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013).

26. The repeated issuance of dismissed incident reports by the same officer supports an inference of retaliatory motive and lack of legitimate penological purpose. Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998).

27. Defendant Helland's actions were motivated by Plaintiff's protected conduct and violated Plaintiff's First Amendment rights.

### COUNT II

Fifth Amendment Due Process   Atypical and Significant Hardship
(Against Defendant Helland   Individual Capacity)

28. Plaintiff realleges paragraphs 1 22.

29. Placement in administrative segregation under conditions that impose atypical and significant hardship implicates a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995).

30. Extended SHU confinement accompanied by loss of employment, privileges, programming, and sentence related opportunities constitutes atypical hardship. Williams v. Hobbs, 662 F.3d 994, 1005 06 (8th Cir. 2011).

31. Plaintiff was subjected to SHU confinement and its consequences without adequate justification, where the underlying charges were dismissed.

TRULINCS 27003081 - LINDSEY, DAVID SHAMONT - Unit: DTH-M-A

---

32. Defendant Helland's conduct deprived Plaintiff of liberty without due process of law.

---

## COUNT III

Declaratory and Injunctive Relief
(Against Defendant Eishen   Official Capacity)

33. Plaintiff realleges paragraphs 1 22.

34. Plaintiff faces a real and immediate threat of future constitutional injury due to ongoing interaction with Defendant Helland. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

35. Supervisory officials may be subject to prospective relief where they are on notice of unconstitutional conduct and fail to take reasonable steps to prevent recurrence. Lenz v. Wade, 490 F.3d 991, 995 96 (8th Cir. 2007).

36. Declaratory and injunctive relief is necessary to prevent ongoing retaliation and protect Plaintiff's constitutional rights.

---

## V. DAMAGES

37. As a direct and proximate result of Defendant Helland's conduct, Plaintiff suffered: a. Ongoing loss of wages of approximately $35 per month; b. Emotional distress and mental anguish caused by SHU confinement; c. Loss of opportunity to earn statutory good time credits and participate in sentence reducing programming

38. Plaintiff seeks nominal damages, compensatory damages, and punitive damages against Defendant Helland in his individual capacity

---

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendant Helland's actions violated Plaintiff's constitutional rights;
B. Issue injunctive relief prohibiting further retaliation and requiring supervisory review of disciplinary actions involving Plaintiff;
C. Award nominal, compensatory, and punitive damages against Defendant Helland;
D. Grant such other relief as the Court deems just and proper.

TRULINCS 27003081 - LINDSEY, DAVID SHAMONT - Unit: DTH-M-A

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

---

David Shamont Lindsey #27003081
Date: 1-12-2026

*/s/ D. Lindsey*