UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DAVID SHAMONT LINDSEY,                          Case No. 26-CV-0374 (PJS/DLM)

       Plaintiff,

v.                                              ORDER

E. HELLAND, Correctional Officer, in his
individual capacity, and B. EISHEN,
Warden, in his official capacity for
injunctive and declaratory relief only,

       Defendants.

---

David Shamont Lindsey, pro se.

This matter is before the Court on plaintiff David Shamont Lindsey's objection to the March 11, 2026 Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko. Judge Micko recommends dismissing Lindsey's complaint without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the objection and adopts the R&R.

Lindsey does not really *object* to Judge Micko's findings. In fact, Lindsey *endorses* the R&R's conclusion that his complaint should be dismissed without prejudice so long as this Court agrees that Lindsey failed to exhaust administrative remedies before filing his complaint. ECF No. 13. As the R&R thoroughly explains, Lindsey is on step one of

the three-step administrative-remedy process available to him, and there is no reason to excuse the requirement in his case.  R&R at 5–7; Lindsey Decl., ECF No. 11 at 1; *see also* 42 U.S.C. § 1997e(a); 28 C.F.R. §§ 542.13–.15 (three-step administrative-remedy process); *Ross v. Blake*, 578 U.S. 632 (2016) (requiring exhaustion of "available" administrative remedies).  Accordingly, the Court finds that Lindsey has not met the exhaustion requirement, adopts the R&R, and dismisses his complaint without prejudice.  Lindsey may re-file his complaint after exhaustion, though the Court urges Lindsey to take notice of the substantive problems with his claims noted in the R&R.  *See* R&R at 7, n.8.

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 13] is OVERRULED.

2. The Court ADOPTS the R&R [ECF No. 12].

3. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's motion for a temporary restraining order [ECF No. 2] and application to proceed *in forma pauperis* [ECF No. 9] are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 15, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court